■ E. G. DE LIA & SONS CONSTRUCTION CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30558.) — Appeal from a judgment of the Court of Claims, awarding claimant $12,060.44 for alleged breach of contract for the reconstruction of a grade crossing project. Claimant corporation was awarded a contract for the construction of a new bridge and roadway in connection with the project. Among other things, two foundations were to be built to ultimately support a bridge spanning a railroad right of way. The State's plans required that a total of 196 steel piles be driven into the ground an estimated depth of 25 feet to support the concrete abutments at each end of the bridge. The specifications

stated that the estimated depth of the piles " are for estimating purposes only ". The proposals stated that the record and sampling of subsurface explorations were available to bidders and warned that the State engineers anticipated that the driving of piles " may be very hard ". Claimant encountered difficulty in driving the piles due to the nature of the subsoil and was required by the State engineers to perform excessive driving in an attempt to gain depth. When the State engineers were satisfied that the piles had been driven as far as possible, the depth of the piles under one abutment averaged 16.2 feet and under the other abutment 9.5 feet instead of the estimated 25 feet. Relying on the estimate that 196 piles would each be driven to a depth of 25 feet, claimant had purchased in excess of 4,850 feet of piles and thus over 2,000 feet remained unused which claimant sold for less than the purchase price. Claimant's award was for extra labor charges, delay, extra supplies, waste due to cut-offs, equipment rental, loss on the sale of left over piles and loss of profits on the piles not driven. On this appeal the State disputes only certain items of the award. It claims that it should not be chargeable with the waste due to cut-offs. The excessive pounding required by the State engineers had caused damage to a part of the piles which had to be removed by cutting and the cut-off portions were worthless. Waste was caused to metal points for the same reason. The waste was directly due to the excessive pounding required and the State was properly chargeable with the loss incidental thereto. The other items of the award to which the State objects relate to the loss on the sale of the piles not used (fixed and allowed by the Court of Claims at $2,358.65) and to loss of profits on the undriven piles (fixed and allowed at $1,097). These losses were not occasioned by the excessive driving required by the State engineers but by the mistake in estimating the number of feet of piles required. The Court of Claims has found, and it is supported by the record, that " There is no evidence that the State had any information lacking to claimant with respect to the subsurface conditions, nor is there any evidence of wilful concealment of information or deliberate misrepresentation." At most there was merely an error of professional judgment by the State engineers in estimating the number of feet the piles could be driven. All the information the State had concerning the soil conditions was available to claimant and claimant had been invited to make an investigation of its own. Under these circumstances, the State is not chargeable for claimant's loss on the sale of the unused piles or for loss of profits on the piles not driven. Judgment modified on the law and facts by reducing the award to $8,604.79 and, as so modified, affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See post, p. 852.]